IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE D. CHURCHILL and ROSE L. CHURCHILL, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | 1:09cv01846 LJO DLB <br><br> ORDER REGARDING MANDATORY SCHEDULING CONFERENCE <br> (Document 12) <br><br> ORDER REGARDING SERVICE |

     Plaintiffs Bruce D. Churchill and Rose L. Churchill, proceeding through counsel, filed the present action against the United States of America, Department of Veterans' Administration Central California Health Care System, Fresno VA Hospital and Does 1 through 100, on October 21, 2009.

     On October 21, 2009, the Court issued summons and civil new case documents, setting the Mandatory Scheduling Conference for January 26, 2010.

     On November 16, 2009, Plaintiffs filed returns of service indicating that they served the summons and complaint on the Department of Veterans' Administration Central California Health Care System and the Fresno VA Hospital in Fresno, California.

     On January 21, 2010, Plaintiffs requested that Court continue the Mandatory Scheduling

Conference. In the request, Plaintiffs contended that although Defendants had been served and the proofs of service had been filed with the Court, Defendants "are stalling regarding representation."

On January 25, 2010, the Court continued the Mandatory Scheduling Conference to March 24, 2010.

On February 2, 2010, Plaintiffs filed an additional proof of service indicating that they served the United States Attorney's Office in Sacramento, California.

On March 1, 2010, Plaintiffs filed the instant request for another continuance of the Mandatory Scheduling Conference. In their request, Plaintiffs assert that Defendants "continue to quibble regarding service of the Summons and Complaint, and have yet to make a formal appearance in this matter."

Federal Rule of Civil Procedure 4(i) provides as follows:

(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.

    (1) United States. To serve the United States, a party must:

        (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

            (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

        (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

        (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

    (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

A review of the proofs of service on file reveals that Plaintiffs' service of the summons and complaint does not comply with Federal Rule of Civil Procedure 4(i) and, therefore, Defendants have not appeared in this action. Accordingly, Plaintiffs' request to continue the Mandatory Scheduling Conference is DENIED.

1 | Plaintiffs' counsel shall appear at the Mandatory Scheduling Conference on March 24, 2010,
2 at 9:00 a.m. before the undersigned and show cause why Plaintiffs have failed to complete proper
3 service since filing this action in October 2009.  <u>Failure to do so will result in a recommendation that
4 this action be dismissed for failure to follow the Court's orders.</u>

6    IT IS SO ORDERED.
7      **Dated:**   **March 3, 2010**       **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

3