IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE D. CHURCHILL and ROSE L. CHURCHILL,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendants.<br>_____ | Case No. 1:09-cv-01846-LJO-JLT<br><br>ORDER ON STIPULATION TO AMEND THE SCHEDULING ORDER<br><br>(Doc. 22) |

On September 10, 2010, the parties stipulated to extend the dates outlined in Scheduling Order to delay the disclosure of experts. (Doc. 22) In support of this request, Plaintiff's attorney explained that due to the volume of medical records at issue, Plaintiff's four medical experts have had insufficient time to complete their Rule 26 written reports. (Doc. 22, Smith Dec at 1-2) The Scheduling Order, issued on March 31, 2010, reads,

> The parties are directed to disclose all expert witnesses, in writing, on or before P September 10, 2010, and to disclose all supplemental experts on or before D October 12, 2010 . . . Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

(Doc. 20) The parties interpret this to mean that Plaintiff was required to disclose on September 10, 2010 and Defendants are required to disclose on October 12, 2010. The Order provides that

expert discovery will close on December 10, 2010.

In their stipulation, the parties agree that Plaintiff may disclose his experts on October 10, 2010 and Defendants will disclose their experts on November 11, 2010 and they do not seek any extension of any other date. (Doc. 22 at 1) Although stipulations to modify the Scheduling Order, filed near in time to the cut-off date, are disfavored(Hardy v. County of El Dorado, 2008 U.S. Dist. LEXIS 75925 at *4 (ED CA Aug. 20, 2008)), the failure to modify the Scheduling Order would make Plaintiff's expert disclosure untimely and poses the risk of excluding Plaintiff's experts at trial.

Because the Defendants have no objection to allowing a later disclosure, it will not prejudice them and it will not delay or impact any other dates, the Court will **GRANT IN PART** the stipulated extension. However, because the staggered disclosure impacts the amount of time available to conduct expert discovery too significantly, the Court will order joint disclosure on the dates selected by counsel.

### **ORDER**

Based upon the foregoing and good cause appearing, the Court **ORDERS** the Scheduling Order modified as follows**:**

1. The parties will jointly disclose experts no later than October 10, 2010
2. The parties will jointly disclosure supplemental experts no later than November 11, 2010.

IT IS SO ORDERED.

Dated:   **September 15, 2010**              /s/ Jennifer L. Thurston
                                                                 UNITED STATES MAGISTRATE JUDGE