IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE D. CHURCHILL and ROSE L. CHURCHILL,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____ / | Case No. 1:09-cv-01846 LJO JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESSES<br><br>(Doc. 33) |

      Pending before the Court is Defendant's motion to strike the expert witnesses disclosed by Plaintiffs. Defendant argues that the expert disclosure was made 40 days after the disclosure deadline which was more than a week after the deadline for supplemental expert disclosures. Defendant argues that the late disclosure is prejudicial because Plaintiffs' experts have had the benefit of having Defendant's expert disclosure for months and because Defendant was precluded, due to the timing of Plaintiffs' disclosure, from identifying supplemental experts.

      Plaintiffs argue that they delayed in disclosing their experts' reports in order for their experts to consider important testimony given in depositions taken on the eve of the disclosure deadline. They argue that their delay is harmless and there is no prejudice because Plaintiffs' counsel orally identified to Defendant's attorney the names of their experts days before the disclosure date and because trial is not scheduled until August 2011.

The Court has considered the parties' arguments.  For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to strike.

## I. BACKGROUND

Plaintiffs initiated this medical malpractice action on October 21, 2009.  (Doc. 1.)  Plaintiffs challenge the treatment Plaintiff Bruce D. Churchill received during his fourteen-day hospitalization at the Fresno Veteran's Administration Hospital ("Fresno VA") beginning April 8, 2008.  (Id. at 2-3.)  Plaintiffs allege that hospital physicians and staff negligently treated Plaintiff Bruce D. Churchill's complaints regarding epigastric pain, leading to complications and prolonged pain in his right upper extremities.  (Id. at 3-7.)  Plaintiffs now seek to recover for general damages, the cost of medical care, the loss of wages, and the loss of consortium.  (Id. at 7.)

Because this matter involved a tort claim filed against the Federal Government, Plaintiff complied with the Federal Tort Claims Act.  (Doc. 35 at 1-2.)  In connection with that proceeding, Plaintiff retained Dr. Edmonds who examined Plaintiff and prepared an expert witness report.  (Id. at 3.)  Plaintiff provided this report to VA Regional Counsel on April 13, 2009.  (Id.)

On March 31, 2010, the Court issued a scheduling order requiring the parties to disclose all expert witnesses in writing on or before September 10, 2010 and to disclose all supplemental experts on or before October 12, 2010.  (Doc. 20 at 2.)  All discovery pertaining to experts was to be completed by December 10, 2010.  (Id.)  The Court warned,

> The written designation of experts **shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

(Id., emphasis in the original).  The Court further admonished the parties that their failure to comply with the deadlines set forth in the order would result in the imposition of sanctions, "which may include striking the expert designation and preclusion of expert testimony."  (Id.)  Finally, the Court reminded the parties that, "The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced."  (Id.)

On April 29, 2010, Plaintiffs filed their "Initial Rule 26 Disclosures."  (Doc. 21.)  In the disclosure, Plaintiff identified, among other treating VA doctors, two expert medical witnesses, Dr.

Harvey Edwards[1] and Mr. Churchill's primary care physician, Dr. Bruce Wesley and "Health Care Financial Consultant," Lawrence Lievense. (Id. at 3.)

On September 15, 2010, the Court granted the parties' request to amend the scheduling order to delay their expert disclosures to October 10, 2010[2] and their supplemental expert disclosures to November 11, 2010. (Doc. 25 at 1.) The Court declined to stagger the disclosure deadlines, as initially provided in its March 31, 2010 scheduling order, in order to allow sufficient time to conduct expert discovery. (Id. at 2.)

On October 13, 2010, Defendant filed a motion to be allowed to provide the report of one expert, one day late. (Doc. 28 at 1-2.) In all other regards, Defendant's expert disclosure was complete and timely. (Id.) Defendant was prevented from providing this particular report the day before due to the medical expert being called into an emergency surgery that lasted the entire business day. (Doc. 28 at 3.) The expert report was attached to the motion. (Id.) On October 14, 2010, the Court granted Defendant's request given that there was only a "very minimal deviation from the Scheduling Order and the fact that there can be no real, substantive impact on expert discovery due to the minor delay." (Doc. 29 at 1.)

On November 19, 2010, Plaintiffs filed the Designation/Disclosure of Expert Witnesses now in dispute. (Doc. 31.) Plaintiffs identified and provided the reports for Dr. Michael P. Azevedo, Dr. Harvey Edmonds, Dr. Sebastian Conti and Registered Nurse, Donna Post. Defendant filed the instant motion to strike on December 15, 2010. (Doc. 33.) Plaintiffs filed an opposition to the motion on January 14, 2011. (Doc. 35.) Defendant filed a reply on January 31, 2011. (Doc. 37.) On February 7, 2011, the parties appeared before the Court for hearing on this matter.

**II.     LEGAL STANDARD**

Rule 26(a)(2) provides that a party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). If the expert witness is retained or specially employed to provide expert testimony, the disclosure must include a report that is prepared and signed by the expert.

---

[1] It appears that Dr. Edwards and Dr. Edmonds, later identified, are the same person.

[2] The scheduling order requires the parties to jointly disclose experts on October 10, 2010. However, that day fell on a Sunday, and October 11, 2010 was a federal holiday. (Doc. 25.)

3

Fed. R. Civ. P. 26(a)(2)(B). These disclosures must be made at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(C).

Recently, in Shore v. Brown, 2009 U.S. Dist. LEXIS 94828 at *4-5 (E.D. Cal. 2009), this Court held that it had authority under Federal Rules of Civil Procedure Rule 16, to strike an untimely expert disclosure.

> "Federal Rule of Civil Procedure 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" In re Arizona, 528 F.3d 652, 657 (9th Cir. 2009) (quoting Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment). "Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the [trial] judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." Id. (citing, e.g., Fed. R. Civ. P. 16(c)(2)). "Failure to comply with the scheduling order exposes a party to 'any just orders,' as determined by the [trial] judge, including dismissal, entry of default or contempt of court." Id. (citing Fed. R. Civ. P. 16(f), 37(b)(2)).

The Court continued,

> The Ninth Circuit has consistently demonstrated that Rule 16's deadlines are firm, real and are to be taken seriously by the parties and their counsel. See, e.g., Janicki, 42 F.3d at 566; Hostnut.Com, Inc. v. Go Daddy Software, Inc., 2006 U.S. Dist. LEXIS 64098, 2006 WL 2573201 * 3 (D. Ariz. 2006) (evidence not disclosed until more than two months after the discovery deadline precluded at trial); Schwartz v. Home Depot U.S.A., Inc., CV-06-2168-PHX-FJM, 2007 U.S. Dist. LEXIS 49380 (party's first request to extend expert witness disclosure deadline denied; defense expert precluded); U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 652 (C.D.Cal. 2007) (sanction of an award of attorney's fees in the amount of $ 5,805.00 imposed under Rule 37(c) for plaintiff's untimely expert disclosure and noncompliance with Rule 26(a)(2)(B)).

Id. at 7-8.

In addition to Rule 16 sanctions, a party's failure to disclose expert witnesses in a manner prescribed by the court exposes that party to sanctions under Federal Rule of Civil Procedure 37(c). This rule provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) "gives teeth" to the disclosure requirements. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). The sanction is "self executing . . . and automatic to provide a strong inducement for disclosure of material . . . ." Id. at 1106 (citations and

4

internal quotation marks omitted). The burden falls on the party facing the sanction to demonstrate that its witness should not be excluded under Rule 37(c)(1). Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008).

## III.   DISCUSSION

The parties do not dispute that expert disclosures were due on or before October 12, 2010 or that Plaintiffs' disclosure, which was made on November 19, 2010 was untimely and, therefore, violated Rule 26. Instead, the dispute centers on whether Plaintiffs' expert witnesses should be excluded due to the late disclosure. As noted above, to avoid this sanction Plaintiffs, bear the burden of demonstrating that their failure to timely disclose their expert witnesses was "substantially justified" or "harmless."

### A.   Rule 37 Sanctions

#### i.   Substantial Justification

Plaintiffs contend that their failure to timely disclose their expert witnesses was substantially justified because the deposition of medical witnesses on October 6, 2010 and October 7, 2010 revealed factual inconsistencies with other prior testimony. (Doc. 35 at 4.) Plaintiffs argue that it was necessary to have these "newly discovered facts" assessed by their expert witnesses. (Id. at 5.) According to Plaintiffs' counsel, he and Defendant's counsel, agreed to confer with the Court related to the proposed modification of the scheduling order. Plaintiffs' counsel indicates that counsel felt that it was necessary to obtain the deposition transcripts for review by their experts and that Defense counsel agreed that she would stipulate to the amendment, "if the Court was in agreement." (Id., Ex. 1 at 4.) Nevertheless, the deadline for disclosure of expert witnesses approached, and neither Plaintiffs nor Defendant contacted the Court to seek modification of the scheduling order. (Id.) Defendant filed its expert disclosure timely but Plaintiffs did not. Moreover, because of a delay in Plaintiffs receiving the deposition transcripts[3], Plaintiffs' counsel did not disclose or exchange its expert witness reports until November 19, 2010. (Doc. 35 at 7.) This was eight days after the deadline to disclose supplemental experts. (Doc. 24)

The Court finds Plaintiffs' argument unpersuasive. Rule 26 *anticipates* that an expert's written report may need to be updated to reflect newly discovered evidence after it has been disclosed. The Rule

---

[3] There is no explanation why Plaintiffs did not request the court reporter to expedite the preparation of the transcripts.

5

allows supplementation of the expert report and, in fact, *requires* the parties to supplement it. Federal Rules of Civil Procedure 26(e)(2) reads,

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

The scheduling order provided similarly. The order advised, "The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced." (Doc. 20 at 2.)  Supplementation under Rule 26 therefore provided a procedure for Plaintiffs to address changes in their experts' opinions or reports based upon information gathered after expert reports were disclosed and which could not have been addressed in the original reports. See DeFazio v. Hollister, Inc., 2008 U.S. Dist. LEXIS 110004, at *9-11 (E.D. Cal. Dec. 1, 2008). Plaintiffs' counsel fails to provide any explanation why he, apparently, believed this procedure to be inferior to untimely disclosure when dealing with eve-of-disclosure deposition testimony that revealed factual inconsistencies.

Plaintiffs' counsel also fails to provide any cogent explanation as to the question at the heart of this matter: Why did counsel not seek modification of the scheduling order to allow a later disclosure or request an extension of time from the Court?[4]  The need to do so was readily apparent to Plaintiffs' counsel prior to the expiration of the disclosure deadline, as demonstrated by the alleged conversation between the parties regarding a possible stipulation to that effect.  Despite his apparent awareness of the situation, Plaintiffs' counsel made no attempt to contact or notify the Court.

That counsel for the parties may have come to a preliminary understanding that more time would be needed to disclose expert witnesses does not justify disregarding the deadline set by the Court in its scheduling order.[5]  The Local Rules clearly require that all extensions of time must be approved by the Court. Local Rule 144.  Plaintiffs' counsel, therefore, proceeded at his own peril in failing to request

---

[4] Counsel's explanation of "naivety" is hollow in light of the Court's repeated admonitions in the scheduling order to comply with its terms and in light of the great weight of case authority that requires adherence to the scheduling order. Thus, the only naivety that the Court can detect is in counsel's belief that the Court would not follow the law nor expect compliance with its own orders.

[5] Likewise it does not explain why, when Defendant made its disclosure, Plaintiffs were not spurred into action.

6

an extension of time from the Court and in assuming that his expert disclosures filed thirty-eight days past the deadline would be deemed timely. Under these circumstances, the Court concludes that Plaintiffs' failure to timely disclose its witnesses was not substantially justified. See Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998) (untimely disclosure not justified when the party failed to seek an extension of time from the court); Schuette v. City of Phoenix, No. CV-08-2018-PHX-MHM, 2010 WL 1253193, at *3 (D. Ariz. Mar. 25, 2010) (untimely disclosure not justified where plaintiff notified defendant that his expert report would be late but failed to ask the court for extra time).

### ii.     Harmlessness

Plaintiffs may avoid exclusionary sanctions under Rule 37(c)(1) if they are able to demonstrate that their untimely disclosure was harmless. In making such a determination, courts may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). See Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Plaintiffs contend in their opposition to the pending motion that these considerations preclude the imposition of sanctions under Rule 37(c)(1). First, Plaintiffs argue that Defendant was not surprised by their belated disclosures because on October 7, 2010, counsel for both parties discussed whether it was appropriate to seek an extension of time to disclose expert witness reports. (Doc. 35 at 10.) Thus, in Plaintiffs' view, Defendant was on sufficient notice that Plaintiffs would be unable to meet the expert disclosure deadline. Furthermore, according to Plaintiffs, any prejudice suffered by Defendant was mitigated, at least to some extent, by the fact that Plaintiffs' counsel verbally disclosed the identities and specialties of Plaintiffs' four retained experts over the course of conversation on October 6, 2010 and October 7, 2010. (Id. at 8.)

Second, Plaintiffs argue that Defendant still has more than adequate time to cure any alleged prejudice. (Id. at 11.) In Plaintiffs' view, nearly six months remain until the trial date set for this case, which is sufficient time for Defendant to depose Plaintiffs' "handful" of identified expert witnesses. (Id.) Plaintiffs' counsel also contends that their expert witnesses are ready to be deposed. (Id. at 13.)

7

In this regard, Plaintiffs argue that there is no likelihood of disruption to the trial date scheduled for August 22, 2011.  (Id. at 11-12.)

Third, Plaintiffs assure the Court that their belated disclosure was not made in bad faith or done to gain an unfair advantage. (Id. at 12.) According to Plaintiffs' counsel, he delayed disclosure for the purpose of incorporating the "newly discovered information" unearthed at the depositions on October 6, 2010 and October 7, 2010 into Plaintiffs' expert reports. (Id.) Plaintiffs' counsel argues that "[t]he interests of *both* partes are best served by full disclosure of documents, facts and testimony during fact discovery." (Id.)

After consideration of Plaintiff's arguments, the Court is not persuaded that Plaintiffs' belated disclosure is harmless as to each expert disclosed, although the Court has a different analysis as to Dr. Edmonds. First, though Plaintiff's counsel asserts that he told Defense counsel the names of his experts – an assertion that defense Counsel disputes – merely identifying the names of experts does not comport with Rule 26. Instead, the Rule requires a myriad of information related to each expert and, of course, disclosure of the expert's written report. Fed. R. Civ. P. 26(a)(2)(B). Thus, simply reciting the names of the experts does not prevent surprise by the opponent. Moreover, the scheduling report outlined that, "The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order." (Doc. 20 at 2, emphasis in the original.) The order continued, "Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony." (Id.)

On the other hand, Plaintiffs indicate that the report for one of their experts, Dr. Edmonds, had been provided to the VA Regional Counsel two years ago in connection with the administrative process. (Doc. 35 at 2-3, 7.) Plaintiffs outline that this report contained Dr. Edmond's "findings on physical examination, diagnosis, causation of injuries and prognosis, including need for future therapy and care." (Doc. 35 at 7.) Moreover, as noted above, on April 29, 2010, Plaintiff identified Dr. Edmonds as his retained expert and provided a very brief summary of his expected testimony. (Doc. 27.) At the argument in this matter, both counsel admit that the report provided by Plaintiffs in 2009 is the same

report that was provided in November 2010 in Plaintiffs' belated expert disclosure. Thus, though not strictly compliant with Rule 26, it appears that Defendant was apprised of Dr. Edmonds' opinions well in advance of the disclosure date.

Alternatively, Plaintiffs argue that it was not "reasonable" to require expert disclosure so far in advance of trial and that a more "reasonable" disclosure period is the 50-day-before-trial deadline used by the state courts.[6] (Doc. 35 at 11.) However, the Court is required to be guided by the Federal Rules of Civil Procedure Rule 26(a)(2)(D) which requires disclosure "*at least* 90 days before trial" unless the court orders otherwise. Here, Plaintiffs participated in the scheduling conference at which the dates for expert disclosure were selected. Notably, *the parties requested* the original expert disclosure dates of September 10, 2010 for Plaintiffs and October 10, 2010 for Defendant (Doc. 17 at 5-6) and the Court acceded to the parties' request.[7] (Doc. 20 at 2.) Plaintiffs counsel does not explain why he suggested these dates if he believed them to be unworkable or why he did not raise the issue of this purported early disclosure at the scheduling conference.

It appears that Plaintiffs overlook the real harm caused to Defendant by Plaintiffs' late disclosure. Pursuant to the Court's scheduling order, supplemental expert reports were to be disclosed on or before November 11, 2010. (Doc. 25.) Because Plaintiffs delayed their initial expert disclosure until November 19, 2010, effectively, Defendant has been foreclosed from designating rebuttal expert information. Moreover, Plaintiffs' experts have had the benefit of being in a position to examine and rebut the opinions set forth by Defendant's experts in their initial reports. This is a significant litigation advantage.

To cure this prejudice, the Court would need to overhaul the already amended scheduling order in this case. First, because discovery pertaining to experts is closed, the Court would need to re-open discovery to allow Defendant to depose Plaintiffs' expert witnesses. Defendant would need time to file

---

[6] In making this argument, it appears that Plaintiffs are unaware that this Court has by far, the highest weighted caseload per judge in the entire country. This severely impacts the amount of time that the Court needs to decide non-dispositive and dispositive motions, to decide pretrial motions and to settle other pretrial issues before trial. Thus, Plaintiffs' suggestion, that expert disclosure could occur within 50 days of trial, is unworkable in light of the demands on this Court.

[7] Ironically, the parties requested these dates despite their concurrent request for a trial date in September 2011, though the Court selected a trial date that was about a month earlier than that requested.

supplemental expert reports and would likely need additional time to conduct fact discovery.[8] Even assuming this can all be achieved in six weeks, an ambitious schedule to impose on Defendant as the innocent party, there would be insufficient time for the Court to hear and decide nondispositive motions related to expert discovery before the dispositive motion-filing deadline less than one month later on April 12, 2011. (Doc. 25.) Thus, the cascade of time extensions will affect the deadlines set for dispositive motions, the pre-trial conference scheduled for July 6, 2011, and ultimately the trial which is currently scheduled for August 12, 2011. (Id.)

Plaintiffs assumption that six months is sufficient time to revamp the scheduling order in this case to timely proceed to trial is mistaken and shows a fundamental misunderstanding of the purpose of the Court's scheduling orders. The dates were not haphazardly selected or unrelated to the needs of the parties or the Court. Instead, the scheduling order "represent[ed] the best estimate of the court and counsel as to the agenda most suitable to dispose of this case." (Doc. 20 at 6.) As the Ninth Circuit has made clear: "Disruption to the schedule of the court and other parties . . . is not harmless." Wong v. Regents of University of California, 410 F.3d 1052, 1062 (9th Cir. 2005). "In these days of heavy caseloads, trial courts . . . routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases." Id. at 1060. "As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 611 (9th Cir. 1992). Thus, "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. at 610 (citations and internal quotation marks omitted). "Parties must understand that they will pay a price for failure to comply strictly with scheduling . . . orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong, 410 F.3d at 1060.

Indeed, the Court explicitly communicated this message to the parties in its scheduling orders.

---

[8] Inexplicably, Plaintiffs have not taken the depositions of the experts disclosed by Defendant. Plaintiffs "assume that the defense will make their disclosed experts available for deposition **after** the conclusion of the Plaintiffs' experts." (Doc. 35 at 13, emphasis in the original.) The Court is at a loss to understand why Plaintiffs have failed to pursue this discovery before the December 30, 2011, deadline or why they "assumed" that additional time to conduct this discovery would be allowed by the Court without need for filing a *timely* motion. The Court notes that the time for filing non-dispositive motions expired nearly a month ago and any such filings now **would be a further violation of the scheduling order**. These circumstances appear to be further evidence of Plaintiffs' disregard for the scheduling order.

The Court cautioned that failure to timely disclose experts in accordance with its order "may result in the Court excluding the testimony or other evidence offered through such experts." (Doc. 20 at 2.) Moreover, the Court alerted the parties that failure to comply with the procedures relating to the discovery of experts "would result in the imposition of sanctions, which may include striking the expert designation and [the] preclusion of expert testimony." (Id.) These warnings were firmly reiterated by the Court in its September 15, 2010 order continuing the deadlines for the disclosure of expert witnesses. (Doc. 25.) Therein, the Court also impressed upon the parties its disinclination to further disrupt the discovery schedule in this case. (Id.)

Thus, even in the absence of bad faith, Plaintiffs were well aware of the importance the Court and the other parties placed in adhering to the scheduling order so that this matter would proceed in a "thorough and orderly manner." Wong, 410 F.3d at 1062. Plaintiffs cannot now claim that the severe disruption to those expectations should be readily excused. Nor can the disruption be cured as easily as Plaintiffs would have the Court believe. As already explained above, this would require a complete overhaul of the Court's scheduling order. The Court therefore concludes that Plaintiffs' belated expert witness disclosure was not harmless. See Hoffman v. Construction Protective Services, 541 F.3d 1175, 1180 (9th Cir. 2008) (late expert disclosure was not harmless where such would require the court to create a new briefing schedule); Wong, 410 F.3d at 1062 (the disruption of the court's scheduling order was not harmless "even though the ultimate trial date was still some months away"). See also Perez v. McNamee, No. C06-5031 BZ, 2007 WL 2255228, at *1-2 (N.D. Cal. Aug. 3, 2007) (disclosure of an expert report forty days after the deadline for expert disclosures set in the court's scheduling order was not harmless).

### iii. Willfulness

Where an evidentiary sanction, in effect, constitutes a dismissal of a cause of action or the entire action, the Court must identify "willfulness, fault or bad faith" taken by the erring party. Yeti by Molly, 259 F.3d at 1106. Willfulness, fault or bad faith is shown by "disobedient conduct not shown to be outside the control of the litigant." Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Here, Plaintiffs knew that they were required to comply with the expert disclosure date outlined in the scheduling order. In fact, when the dates originally selected proved unworkable to counsel, they

sought and were granted an extension of the dates. (Doc. 25.) When Plaintiffs realized that there was new evidence that his experts should consider, *they admit that they knew* that they needed the Court's permission to vary from the deadlines set forth it the scheduling order. Once again, when Defendant ran into difficulty and had to provide one expert report one day late, Defendant filed a motion to be relieved from the day-earlier deadline. (Doc. 28.) Finally, Plaintiffs have failed to conduct expert discovery before the expiration of the expert discovery period. (See footnote 6, supra.) All of this convinces the Court that Plaintiffs have acted willfully in failing to disclose all of their experts except for Dr. Edmonds.

### B.  Rule 16 Sanctions

In Shore v. Brown, 2009 U.S. Dist. LEXIS 94828 at *7-8, the Court noted,

> If . . . a district court is inclined to strike a party's expert witness as a sanction due to the untimely disclosure of the expert or expert's report, the Ninth Circuit instructs that district courts consider the following factors: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." Lindner, 249 F.R.D. at 642 (quoting Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997)).

Therefore, having found that Plaintiffs violated the scheduling order and Rule 26 (a)(2), the appropriate remedy is determined according to the Wendt factors.

With respect to the first three factors, the Court finds these factors weigh in favor of striking Plaintiffs' experts. This case has been pending for over a year. Moreover, as discussed above, to cure Plaintiffs' untimely disclosure of all of these experts and the resulting prejudice to Defendant, the Court would be required to completely revamp all of the remaining deadlines outlined in the scheduling order and, importantly, would be forced to reschedule the trial.

Finally, the Court is mindful that this a medical malpractice case and that expert opinion related to the standard of care is crucial. Therefore, striking all of Plaintiffs' experts, effectively, works as judgment in favor of Defendant. On the facts presented here, the Court finds that there are less drastic sanctions that may be imposed that would address Plaintiffs' conduct and still preserve the trial date in this matter.

As noted above, though the Court finds that Plaintiffs acted willfully in failing to disclose timely the reports of most of their experts, the Court does not find similarly as to Dr. Edmonds. Plaintiffs

identified Dr. Edmonds during the administrative process and provided his expert report at that time which was the same report that was provided in November 2010. (Doc. 35 at 1-3.) Moreover, Plaintiff identified Dr. Edmonds in his Rule 26 initial disclosures made on April 29, 2010. (Doc. 21.) Because only one expert is at issue, as opposed to the four disclosed by Plaintiffs, the modifications to the scheduling order that would be needed to allow discovery of this expert's opinions are less extreme and can be accommodated, albeit only barely[9], while preserving the trial date. Given this, the Court finds that precluding the testimony of all of Plaintiffs' experts, including Dr. Edmonds, is too drastic a sanction.

## IV. CONCLUSION

The Court finds that Plaintiffs failure to disclose their expert witnesses in accordance with the Court's scheduling order was not "substantially justified" and, except as to Dr. Edmonds, that the failure was not "harmless." Moreover, the Court finds that Plaintiffs' action was willful. Thus, sanctions under Rule 16 and Rule 37(c)(1) are appropriate in this case.

Accordingly, for all the reasons set forth above, it is **HEREBY ORDERED:**

1. Defendant's motion to strike Plaintiffs' expert witnesses (Doc. 33) is **GRANTED IN PART AND DENIED IN PART**;

2. All of Plaintiffs' expert disclosure, except for Dr. Edmonds, is **STRICKEN**;

3. Plaintiffs are **ORDERED** to make Dr. Edmonds available for deposition within ten days of the date of this order or other date agreeable to the Defendant;

4. Defendant shall be permitted to make a supplemental expert disclosure that complies with the scheduling order and Rule 26, via fax or overnight mail to be received by Plaintiffs no later than noon on March 3, 2011;

5. As to any supplemental expert identified in Defendant's supplemental expert disclosure, if any, Plaintiffs are **ORDERED** to notify Defendant's counsel in writing via fax or overnight mail to be received no later than two court days after receipt of the

---

[9] In fact, as noted in the Order, there is insufficient time in the schedule to allow timely filed motions related to expert discovery disputes, as to Dr. Edmonds and any supplemental expert disclosed by Defendant, to be heard and decided. However, the Court is prepared to allow these motions to be heard on an extremely expedited basis so they may be determined before the deadline to file dispositive motions.

supplemental disclosure, whether they wish to depose the supplemental expert(s). If so notified, Defendant is **ORDERED** to produce the supplemental expert(s) for deposition within five court days but in no event later than March 17, 2011;

6. Any expert discovery disputes must be identified to the Court by telephonic notice to Chambers at (661) 326-6620 or by e-mail notice to jltorders@caed.uscourts.gov no later than noon on March 23, 2011. When so notified, the Court will provide the parties further instruction on the process by which the Court will resolve the dispute while still preserving the remaining deadlines.

7. **No other amendments to the scheduling order are permitted by this order.**

IT IS SO ORDERED.

Dated:   **February 8, 2011**                                         /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE